UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Mr. B.A. DRAUGHN,<br><br>  Plaintiff,<br><br>v.<br><br>PRESIDENT BUSH,<br><br>  Defendant. | Civil No. 07-120 (DSD/SRN)<br><br>**REPORT AND RECOMMENDATION** |

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[1]

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA").  It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact").  Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted," (§ 1915(e)(2)(B)(ii)).

Plaintiff's complaint in this case, (Docket No. 1), provides the names of the parties, but no other information of any kind.  Several documents were filed with the complaint, (Docket Nos. 3-5), but they include just a collection of disjointed and incomprehensible sentence fragments.  Plaintiff's supplemental submissions shed no light on the facts or legal principles on which Plaintiff's lawsuit is grounded.

While a pro se pleading is to be liberally construed, it still must allege some historical <u>facts</u>, which if proven true, would entitle the plaintiff to secure some specific legal remedy against the named defendant(s), based on some cognizable legal theory.  <u>See</u> <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1337 (8th Cir.1985) ('[a]lthough it is to be liberally construed, a <u>pro se</u> complaint must contain specific facts supporting its conclusions").

Here, Plaintiff has not described any specific acts or omissions by the named Defendant, he has not mentioned any cognizable legal principle or theory, he has not identified any redressable injury, and he has not described the relief that he is seeking. Therefore, the Court finds that Plaintiff has failed to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, his IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:  January 17, 2007

     s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 1, 2007,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.